UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 98-10185-MLW |
| | ) | |
| THERON DAVIS | ) | |
| | ) | |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                        June 25, 2008

        Defendant Theron Davis is serving a 133 month sentence for

using a telephone to facilitate transactions involving cocaine

base.  As a result of Amendment 706 to the United States Sentencing

Guidelines ("U.S.S.G."), which generally retroactively reduces by

two levels the offense level for crimes involving crack cocaine and

became effective March 3, 2008, Davis moved for a reduction of his

sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10

(the "Motion").  As Davis is indigent, counsel was appointed to

represent him. The government and counsel for the defendant have

conferred and filed a Joint Status Report concerning the Motion.

        Defendant argues, and Probation agrees, that Davis is eligible

for a sentence reduction because he was sentenced based on a

guideline range that has subsequently been lowered by retroactive

amendment.  <u>See</u> 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10.  Judge

Nancy Gertner found that Criminal History Category VI overstated

the seriousness of Davis's criminal history and departed downward

to Criminal History Category IV. Davis calculates, and Probation

concurs, that if Judge Gertner's downward departure on criminal

history is maintained, the amended advisory guideline range applicable to Davis given a Total Offense Level of 27 and Criminal History Category IV is 100 to 125 months in custody. Defendant requests a reduction in sentence to 120 months, but he has already served the equivalent of approximately a 124 month sentence including "good time" credit. Davis, as a practical matter, seeks a Time Served sentence, which would reduce his time in custody by less than 9 months. See U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

The government has not disputed the calculation of the guideline range applicable under the amended advisory guidelines. Instead, the government argues that Davis's guideline range would have been much higher if not for a beneficial plea agreement, and therefore "the crack amendment does not meaningfully reduce the defendant's true guideline range or bear on the equities." Joint Status Report at 3. However, a sentence of Time Served is within the range of agreed dispositions contemplated by the parties' binding plea agreement and represents only a slight reduction of his 133 month sentence. See Plea Agreement at 3. Although Davis's disciplinary records show a few incidents in 2003 and 2006, he evidently has presented no problem since 2006. While in prison, Davis has participated in college correspondence courses and numerous other classes, and he was approved for work in food service and on other correctional work details. Cf. U.S.S.G.

§1B1.10. A.N. 1(B)(ii) & (iii).

Having considered the 18 U.S.C. § 3553(a) factors, the court finds that Davis is eligible for a sentence reduction and that such a reduction is warranted.  Therefore, it is hereby ORDERED that:

1.    The Motion (Docket No. 1952) is ALLOWED.

2.    The defendant's sentence is REDUCED to Time Served.

3.    The term and conditions of Supervised Release previously imposed are not altered.

4.    The attached Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) shall enter forthwith.


_____/s/ Mark L. Wolf_____
UNITED STATES DISTRICT JUDGE